EMILY HARWOOD *vs.* WILLIAM E. PEARSON & others.

Suffolk.    April 2. — 3, 1877.    COLT & SOULE, JJ., absent.

A bill in equity alleged that A. purchased an estate with the plaintiff's money and had it conveyed to his wife, who took it with notice of the same; that A. and his wife mortgaged the estate to B. who assigned the mortgage to C., both of whom had notice of the resulting trust to the plaintiff. A decree was made that C. assign the mortgage to the plaintiff. *Held,* that an assignment was unnecessary and would impair the rights of the defendants among themselves; and that the mortgage should be discharged by a deed of release to the plaintiff, or by an entry upon the margin of the record of the mortgage in the registry of deeds.

BILL IN EQUITY, filed May 25, 1875, by Emily Harwood against William E. Pearson, Mary A. Pearson, George J. Caldwell and Daniel A. Goodwin.

The material allegations of the bill were that on October 16, 1873, William E. Pearson took the plaintiff's money and promised to purchase a house for her; that on October 20, 1873, he purchased therewith an estate in Newburyport and caused the conveyance to be made to his wife, Mary A. Pearson, who took it with knowledge of the circumstances and notice; that on October 29, 1873, William E. Pearson and Mary A. Pearson executed a mortgage of the estate for the sum of $3500 to George J. Caldwell, who had notice that it was purchased with money so obtained from the plaintiff; that on June 26, 1876, Caldwell assigned the mortgage of $3500 to Daniel A. Goodwin, who took it in collusion with Caldwell and with notice; and that on February 7, 1874, William E. Pearson and Mary A. Pearson executed a mortgage of the estate to Daniel A. Goodwin for $1200, who took it with notice that the estate was purchased with money so obtained from the plaintiff. The bill prayed for a reconveyance, an injunction and general relief.

The defendants William E. Pearson and Mary A. Pearson did not appear, and the bill was taken *pro confesso* as to them. The defendants Caldwell and Goodwin appeared and filed answers, admitting that they took the mortgages, denied that they had notice that they were wrongfully given, and alleged that they took them in good faith and in the ordinary course of business.

Hearing, on the pleadings and proofs, before *Endicott*, J., who made a decree, which, so far as material, was as follows:

" This cause came on to be heard upon bill, answers and oral proofs; and upon hearing thereof, and arguments of counsel of the parties, and the same having stood under advisement till this thirteenth day of January, 1877, it is now considered by the court, adjudged, ordered and decreed:

" That said William E. Pearson and Mary A. Pearson, his wife, do pay, settle and adjust with said defendant Daniel A. Goodwin the several sums secured by the assignment of said mortgage described in said bill, of twelve hundred dollars, given to said Goodwin by said Pearson and wife, upon the estate in Newburyport, described in said bill, and discharge, or cause to be discharged, by a good and sufficient instrument, delivered to the plaintiff, of said mortgage named in said bill, and also to release said estate from all claims and incumbrances made or

suffered by said Pearson and wife, or either of them, so that the estate of the plaintiff described in said bill and covered by said mortgage may be relieved of all incumbrances whatever made or suffered by said Pearson and wife, except a mortgage of three thousand five hundred dollars made to George J. Caldwell, one of the defendants, by said Pearson and wife, and assigned to said Goodwin by said Caldwell, as described in said bill; and that all parties defendant to said bill do stand enjoined from selling or incumbering said estates until compliance with or performance of the terms of this decree, or such further decree as may be made in the premises.

" That said Goodwin, one of the defendants, do assign and transfer, by a good and sufficient deed to the plaintiff, said mortgage of three thousand five hundred dollars, given to said Caldwell, upon said estate in Newburyport, described in said bill and assigned to him by said Goodwin since the filing of said original bill, and release and discharge said estate of said complainant from all liens and incumbrances made or suffered by him, said Goodwin, except said mortgage of twelve hundred dollars given by said William E. Pearson and Mary, his wife, to said Goodwin, as described in said bill.

" That said cause do stand for such other and further decrees in the premises as law or equity may require."

The defendants Caldwell and Goodwin appealed from this decree.

*C. Cobb,* for the plaintiff.

*E. F. Stone,* for Caldwell.

*J. C. Perkins,* for Goodwin.

ENDICOTT, J. So much of the decree appealed from as orders Goodwin to assign to the plaintiff the mortgage for $3500, executed by Pearson to Caldwell and by Caldwell assigned to Goodwin, is not necessary to relieve the plaintiff's estate from that mortgage, and would transfer to the plaintiff the debt secured thereby, and impair the rights of Goodwin and of Caldwell to enforce that debt against Pearson, and of Goodwin to enforce it against Caldwell, and must, therefore, be reversed; and, instead thereof, Goodwin must be ordered to discharge that mortgage, either by executing and acknowledging a sufficient deed of release to the plaintiff, or by signing an entry on the margin of

the record of the mortgage in the registry of deeds. In all other respects the decree, not appearing to be erroneous, must be affirmed. If any further order in relation to the mortgage for $1200, executed by Pearson to Goodwin, should be necessary to secure the rights of any party, it may be made by a single justice under the power reserved in the decree appealed from. *Decree accordingly.*